Law Offices of
# STEWART LEE KARLIN, P.C.
**9 Murray Street, Suite 4W**
**New York, New York 10007**
**(212) 792-9670/Office**
**(212) 732-4443/Fax**
slk@stewartkarlin.com

| | |
|---|---|
| **MEMBER OF THE BAR** | **Concentrating in Employment, Education and** |
| **NEW YORK & NEW JERSEY** | **Insurance Law** |

September 28, 2015

**Via ECF**
Judge Raymond J. Dearie
United States District Court Judge
United States District Court
225 Cadman Plaza East,
Brooklyn, NY 1120-1818

Re:   Sutherland v. Dept. of Educ. Of the City of New York, et al.
        1:15-CV-3918 (RJD) (JO)

Dear Judge Dearie,

      We represent Plaintiff Karen Sutherland (hereinafter "Plaintiff") in the above referenced matter. In accordance your Individual Motion Practice rules, Plaintiff is writing the instant letter in opposition to Defendant's request for a conference regarding Defendant's Motion to dismiss the Complaint and in opposition to Defendant's request for a stay in discovery. A pre motion conference would be futile and thus Defendant's request should be denied.

      It is respectfully submitted that Defendant's request should not be granted for the following reasons:

      **A.**    **Plaintiff's Complaint states a Cause of Action**

      The District Court, in deciding a motion under FED.R.CIV.P. 12 (b)(6), is required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the Plaintiff. Jaghory v. NY State Dep't of Educ., 131 F.3d. 326, 329 (2d Cir 1997), Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir.2003). In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) the Supreme Court clarified the standards regarding a motion to dismiss. A complaint that survives a motion to dismiss must set forth enough factual basis (taken as true) to suggest real plausibility that the plaintiff's claims are true. The Court should differentiate pleadings of fact, which are entitled to a presumption of the truth, from pleadings of conclusion. The second prong requires that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. The Court explained that the "plausibility" required by Fed. R. Civ. P. Rule 8 requires a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

      A plaintiff alleging employment discrimination on the basis of race or national origin has the initial burden to establish a prima facie case of discrimination. Plaintiff must show that (1) that she was a member of a protected class, (2) that she was qualified for the job; (3) that she was terminated despite his qualifications, (4) she was treated less favorably than other similarly situated employees or that the reasons proffered by the employer are false or under circumstances that one could infer discriminatory intent (emphasis added). Reeves v. Sanderson Plumbing. Id, 530 U.S. 133 (2000).

Judge Raymond J. Dearie
United States District Court Judge
September 28, 2015
Page 2

The Complaint alleges that Plaintiff Karen Sutherland (African American) was a Probationary Supervisor of School Psychologists, in the D075-Cluster D75 district 97. Plaintiff had worked for the Department of Education for 25 years and at all times her performance was exemplary. In over two decades of employment with the DOE, Plaintiff did not have employment related issues. Plaintiff became a supervisor in 2009 and had four years and nine months of exemplary service as a Supervisor. (Her probationary period is five years.)

Thereafter, Plaintiff was discriminated against in 2014 due to her race when she was terminated as per supervisor Esther Gutwein's recommendation. More specifically, Ms. Esther Gutwein, manager and supervisor of psychologists (Caucasian and Jewish Orthodox) has discriminated against Plaintiff and has subjected her to an insidious racial discrimination in an effort to set Plaintiff up for discontinuance.

It should be noted that Ms. Gutwein only became Plaintiff's supervisor in the last three to four months of plaintiff's employment; in the prior four years and nine months Ms sutherland had no performance issues. It was known that Gutwein only wanted supervisors that shared her Jewish Orthodox background and that she hired mostly Caucasian Jewish Orthodox supervisors such as Adina Fertig, Aharon Laufer, and Chana Rabin among others in the short time that Plaintiff worked under her supervision. Ms. Gutwein recommended Plaintiff's discontinuance based on two letters dated June 24, 2014 and March 25, 2014, asserting false allegations. Plaintiff received the June 24, 2014 letter but never received the March 25, 2014 letter which was deliberately created after the end of the school year to justify the termination and is unsigned. In addition, Plaintiff was given a biased "U" rating when in fact her performance was satisfactory.

Before Plaintiff's termination, Plaintiff was subjected to discrimination, by Ms. Gutwein in an effort to paper her file and set her up for discontinuance. For instance, Plaintiff was subjected to a disciplinary meeting and scolded by Mr. Ramirez regarding the Turning 5 process, and for not answering e-mails regarding last year's "Sharepoint". The Sharepoint was distributed to all supervisors and access was given to all of them. However, Plaintiff was the only supervisor who had no access to this program in September 2014 and hence, she was unable to check any of the e-mails anyone could have sent her. Plaintiff e-mailed Maria Uguccioni to tell her that her name was not in the list of supervisors. When her name finally appeared, Plaintiff reached out to Mr. Ramirez for feedback, yet she was accused of being unprofessional and for not answering e-mails. Ms. Gutwein knowingly falsely claimed that Plaintiff had access to the Sharepoint in an effort to discredit Plaintiff; however this was false. Nevertheless, the turning 5 children were completed within their time lines. Plaintiff went to schools, worked until late afternoons with her teams to assist. Plaintiff completed her tasks even though she received no support from anyone.

Plaintiff was also disciplined by Ms. Gutwein for not having her observations. In 2014, Plaintiff was accused by Ms. Gutwein of not sending her observations, yet all the observations were completed by the end of that year. In 2014, Plaintiff's work assignment changed from all the D.75 school/sites and the Principals required her help. Plaintiff also had to spend a large amount of time assisting the D75 schools without teams or any SBST assistance; this was whether these teams were co-located or stood alone. Plaintiff also hired F status psychologists for these sites and continued to help them since they were inexperienced. In sum, Plaintiff was given an overwhelming amount of work with NO SUPPORT which did not allow her time to submit the observations immediately. However, it not uncommon to have the observation completed late in the school year. This was done in an effort to build a negative file against Plaintiff. In addition, Plaintiff was also subjected to a disciplinary meeting because of Ms.Gutewein's false accusations that Plaintiff was not in the school building. These accusations were based on the fact that Ms. Gutewein called plaintiff and she did not answer her phone call.

Justice Raymond J. Dearie
United States District Court Judge
September 28, 2015
Page 3

However, Plaintiff was in the building, she was seated in a large open area with a conference table a few feet from her desk. A number of employees saw her there and they could have easily ascertained that Plaintiff was indeed present. On the day of the phone call, on or about February 28, 2014, there was a meeting with a large group of counselors and it became difficult to use the phone since Plaintiff's desk became encroached; Plaintiff moved to another desk to work and this is why she could not answer the phone. Yet, although Plaintiff's presence was easily verifiable, she was still subjected to the disciplinary meeting.

Furthermore, Ms. Gutwein has accused Plaintiff of not following up when requesting a status update for the T5 children. Simultaneously, Mr. Ramirez had requested an update on the children. Plaintiff then sent an update and placed Ms. Gutwein on the update e-mail. Yet, some weeks later she was angrily yelled at by Ms. Gutwein who falsely accused her of not following up. Plaintiff reminded Ms. Gutwein that she was on the e-mail with the update and Ms. Gutwein yelled at her demanding that Plaintiff send a separate e-mail only addressed to her. Other discriminatory acts by Gutwein include but are not limited to (1) transferring Plaintiff to an inconvenient location in Brooklyn since they knew Plaintiff was commuting from Westchester; (2) falsely accusing Plaintiff of breaking up a cluster assignment in Brooklyn multiple times, being falsely accused of creating problems with the union and of putting an ATR psychologist in only one part of a cluster assignment, being falsely accused of not conducting observations and not following up; being falsely accused of being unreachable and of insubordination, etc. These acts were continuous in nature and Gutwein recommended Plaintiff's discontinuance.

Plaintiff received letters to support her recommendation of discontinuance dated June 24, 2014 and March 25, 2014 (**backdated**), the latter one was unsigned. Plaintiff submitted a written response dated August 27, 2014 but the Deputy Chancellor reaffirmed her discontinuance via letter dated September 12, 2014. Thereafter, a meeting was held on or about December 15, 2014 in connection to the discontinuance recommendation. The Deputy Chancellor Corinne Rello-Anselmi reaffirmed her discontinuance via letter dated January 22, 2015. Plaintiff was ultimately terminated without any proper documentation and for false and pre-textual reasons.

Accordingly, for the above reasons, Plaintiff has established a prima facie case and since this Court is to examine the facts in the light most favorable to Plaintiff, the within case should not be dismissed as Plaintiff states a claim for relief and could reasonably infer discriminatory intent.

Thank you for your attention to this matter.

Very truly yours,

*s\ Natalia Kapitonova*
Natalia Kapitonova, Esq.
The Law Offices of Stewart Lee Karlin, PC

CC:   Kurt Rose, ACC (via ECF )